# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RONALD ASBELL and JENNIFER ASBELL | § § § | |
| v. | § § | Civil Action No. 4:17-CV-00273 |
| | § | Judge Mazzant |
| WAL-MART STORES TEXAS, LLC d/b/a WAL-MART SUPERCENTER #3286 | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Supercenter #3236's ("Wal-Mart") Motion for Summary Judgment (Dkt. #15). Having reviewed the motion and relevant pleadings, the Court finds the motion should be granted.

## BACKGROUND

On May 23, 2015, Plaintiff Ronald Asbell ("Asbell") slipped and fell in the Wal-Mart men's clothing department. After he fell, Asbell noticed two clothes hangers on the floor in close proximity to him, but he did not know how long they had been there, or even if the hangers were on the floor before he slipped. Asbell could not identify which, if either, of the hangers caused him to slip. On March 14, 2017, Asbell filed a premises liability suit in the 393rd District Court, Denton County, Texas. On April 20, 2017, Defendant removed the suit. Subsequently, Asbell filed his Amended Complaint, which added a claim for a loss of services and loss of consortium by Plaintiff Jennifer Asbell ("Mrs. Asbell").

On October 12, 2017, Defendant filed the current Motion for Summary Judgment (Dkt. #15). A response to the motion was due on October 26, 2017. *See* LOCAL RULE CV-7(e).[1]

---

[1] The current version of the Local Rules gives a party responding to a motion for summary judgment twenty-one days to respond; however, the Court uses the Local Rules in effect at the time the motion was filed, which gives a party responding to a motion for summary judgment fourteen days to respond.

Plaintiffs did not file a response by October 26, 2017. In fact, as of the date of this Order, Plaintiffs have not filed a response to the motion.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the

nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Defendant moves for summary judgment arguing that there is no genuine issue of material fact surrounding two of the essential elements to Asbell's cause of action: (1) Defendant actually knew or reasonably should have known of the danger; and (2) Defendant's actions proximately caused Asbell's injury. Further, Defendant argues that Mrs. Asbell's claims are derivative of Asbell's, and thus, fail as a matter of law.

> To prove a premises liability claim, an invitee must establish four elements:
>
> (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee.

*Henkel v. Norman*, 441 S.W.3d 249, 252 (Tex. 2014) (citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000)). In order to demonstrate the notice element of a premises liability claim, a plaintiff can show:

> (1) the defendant placed the [item] on the floor, (2) the defendant actually knew that the [item] was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it.

*Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002) (citing *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex. 1992)). An employee's knowledge of the item on the floor, either through its own discovery or reports of the condition, constitutes actual knowledge of the premises owner. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 769 (Tex. 2010); *Wal-Mart Stores, Inc. v. Chavez*, 81 S.W.3d 862, 864 (Tex. App.—San Antonio 2002, no pet.).

Here, no evidence suggests that an employee of Wal-Mart placed the hangers on the floor. (*See* Dkt. #15, Exhibit 2 at ¶ 4). Wal-Mart's Asset Protection Manager ("Manager"), after a review of the videos, photos, and records of the event, determined "there is no evidence of who caused the hangers . . . to be on the ground [or] how they came to be on the ground." (Dkt. #15, Exhibit 2 at ¶ 4). Further, Plaintiffs have provided no evidence that Defendant actually knew of the incident. No evidence indicates that a customer made a report to an employee or that any employee personally observed the hangers on the floor prior to Asbell's fall. The only evidence in front of the Court regarding the matter shows "there was no way to determine whether the hangers were on the ground and detectable by an employee in the area prior to the alleged fall." (Dkt. #15, Exhibit 2 at ¶ 4). Finally, there is no evidence to suggest that the hangers were on the floor long enough to give an employee a reasonable opportunity to discover it. The Manager states that "there is no evidence of . . . how long they were on the ground prior to Mr. Asbell's alleged fall, or

4

whether they could have been reasonable discovered prior to the fall." (Dkt. #15, Exhibit 2 at ¶ 4). Indeed, even Asbell has no knowledge of how long the hangers were on the ground before his fall, or if they were even on the ground before his fall (Dkt. #15, Exhibit 3 at p. 16:20–23).

Accordingly, Defendant met its burden of proof on its motion by showing that there is an absence of evidence on an essential element, the notice element, in Asbell's premises liability case. *See Celotex*, 477 U.S. at 325; *Byers*, 209 F.3d at 424 (5th Cir. 2000). Asbell did not respond indicating the particular facts that create a genuine issue for trial on the notice element. Therefore, the Court need not address Defendant's additional argument and Asbell's cause of action fails as a matter of law.

Further, because Mrs. Asbell sought loss of services and loss of consortium damages based on Asbell's premises liability cause of action, Mrs. Asbell's claim cannot survive on its own. As such, Mrs. Asbell's claim also fails as a matter of law.

## CONCLUSION

It is therefore **ORDERED** Defendant Wal-Mart's Motion for Summary Judgment (Dkt. #15) is hereby **GRANTED**.

**SIGNED this 22nd day of December, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE