# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

RONALD ASBELL and JENNIFER §
ASBELL §
§ Civil Action No. 4:17-CV-00273
v. § Judge Mazzant
§
WAL-MART STORES TEXAS, LLC d/b/a §
WAL-MART SUPERCENTER #3286 §
§

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs Ronald Asbell and Jennifer Asbell's Motion for Reconsideration (Dkt. #23). After reviewing the motion and relevant pleadings, the Court finds Plaintiffs' motion should be denied.

## BACKGROUND

On May 23, 2015, Ronald Asbell ("Asbell") slipped and fell in the men's clothing department at Defendant Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Supercenter #3236 ("Defendant"). After he fell, Asbell noticed two clothes hangers on the floor in close proximity to him. On March 14, 2017, Asbell filed a premises liability suit in the 393rd District Court, Denton County, Texas. On April 20, 2017, Defendant removed the suit. Subsequently, Asbell filed his Amended Complaint, which added claims for loss of services and loss of consortium by Jennifer Asbell.

On October 12, 2017, Defendant filed its Motion for Summary Judgment (Dkt. #15). A response to the motion was due October 26, 2017. *See* LOCAL RULE CV-7(e).[1] Plaintiffs did not file a response by October 26, 2017. In fact, Plaintiffs never responded. Nearly two months later,

---
[1] The current version of the Local Rules gives a party responding to a motion for summary judgment twenty-one days to respond; however, the Court uses the Local Rules in effect at the time the motion was filed, which gives a party responding to a motion for summary judgment fourteen days to respond.

on December 22, 2017, the Court granted Defendant's Motion for Summary Judgment (Dkt. #20) (the "Order").

On January 19, 2018, Plaintiffs filed the present Motion for Reconsideration, requesting that the Court reconsider its ruling granting Defendant's Motion for Summary Judgment (Dkt. #23). Defendant filed its response on February 2, 2018 (Dkt. #24). No reply was filed.

## LEGAL STANDARD

A motion seeking reconsideration may be construed under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b) depending on the circumstances. "The Fifth Circuit recently explained that 'Rule 59(e) governs motions to alter or amend a final judgment,' while 'Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action.'" *Dolores Lozano v. Baylor Univ.*, No. 6:16-CV-403-RP, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). Further, "'[i]nterlocutory orders,' such as grants of partial summary judgment, 'are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires [pursuant to Rule 54(b)]." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)) (citing *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 585, 862 (5th Cir. 1970)).

A motion seeking reconsideration of a final judgment that is filed within twenty-eight days of the judgment is considered under Rule 59(e). *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *Milazzo v. Young*, No. 6:11-CV-350-JKG, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303

F.3d 571, 581 (5th Cir. 2002)). Here, Plaintiffs filed their Motion for Reconsideration within twenty-eight days and accordingly the Court analyzes the motion under Rule 59(e).

A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id*. (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Milazzo*, 2012 WL 1867099, at *1 (citing *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Id*. (citing *Templet*, 367 F.3d at 479).

## ANALYSIS

Plaintiffs ask the Court to reconsider the Order. In a somewhat misguided attempt to articulate the standard for granting a motion to reconsider under Rule 59(e), citing a case from the Fourth Circuit and a case from the Seventh Circuit, Plaintiffs argue that their motion should be granted because the judgment will result in manifest injustice (Dkt. #23 at p. 2). Plaintiffs assert that the judgment would result in manifest injustice because the undisputed summary judgment evidence proves Defendant had constructive knowledge of the fallen clothes hanger (Dkt. #23 at p. 2).

As previously identified, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet*, 367 F.3d at 479 (quoting *Waltman*, 875 F.2d at 473). Based on Plaintiffs' arguments in the motion, it is unclear if they are asking the Court to correct manifest error of fact or presenting newly

3

discovered evidence. However, Plaintiffs did submit evidence in support of their motion for reconsideration that was not part of the summary judgment record. With their Motion for Reconsideration, Plaintiffs filed multiple exhibits to support their assertion that there is a genuine issue of material fact as to whether Defendant had constructive knowledge that there were hangers on the floor. Plaintiffs' Motion includes witness statements from Asbell, Charlotte Wright-Robertson, who was in or near the men's department when Asbell fell, and Defendant's employees (Dkt. #23, Exhibits 2–5). Plaintiffs also included Wright-Robertson's affidavit, dated January 19, 2018, and Asbell's deposition transcript from September 22, 2017 (Dkt. #23, Exhibits 9–10). Furthermore, Plaintiffs attached Defendant's surveillance footage, footage screenshots, and photos of the hangers near Asbell's fall (Dkt. #23, Exhibits 6–8).

When "a party seeks to upset a summary judgment on the basis of evidence she failed to introduce on time, two important judicial imperatives clash: the need to bring litigation to an end and the need to render just decisions on the basis of all the facts." *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)). In order to balance those concerns, courts look to the following factors to determine whether it should disrupt the judgment and consider the evidence:

> the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether the evidence was available to the non-movant before she responded to the summary judgment motion, and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened.

*Id.* However, the factual differences from case to case may alter the *Lavespere* factors. *Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, No. 3:98–CV–0282–D, 1999 WL 1032798, at *2 (N.D. Tex. Nov. 10, 1999). The *Lavespere* factors were created for a situation in which the party had filed a response, albeit a deficient response. *Id.* (citing *Lavespere*, 910 F.2d at 171–72). As such,

4

> in a case where a nonmovant does not respond at all, it would appear irrelevant to consider "whether the evidence was available to the non-movant *before she responded* to the summary judgment motion[.]" Nor would it necessarily be helpful to assess "the importance of the omitted evidence to the moving party's case" when no response—as [] opposed to an inadequate response—has been filed.

*Id.* (emphasis in original) (first alteration in original). Because there was no response filed in this case, the Court uses the first and last factors to analyze whether the Court should grant the motion for reconsideration based on evidence that was not presented when it granted the motion for summary judgment.

Moreover, the *Lavespere* factors are not an exhaustive list of considerations for the Court; the Court may consider any "grounds that assist it in exercising discretion in striking a proper balance between the need to bring litigation to an end and the need to render just decision based on all the facts." *Id.* Accordingly, in addition to the first and last *Lavespere* factors, the Court considers any additional grounds relevant in this case.

### I. Reason for Default

Under this factor, the *Lavespere* court only needed to consider why the movant delayed in submitting the evidence that was not presented at the summary judgment stage. However, in this case, Plaintiffs did not file not a response, much less evidence. Therefore, the Court considers both the reason why Plaintiff did not submit a response and if the evidence submitted now was available prior to the response deadline.[2]

#### A. Explanation for No Response

Plaintiffs contend that Plaintiffs' counsel mistakenly calendared the response deadline using the Northern District of Texas's timeframe to file a response to motions for summary judgment, as opposed to the Eastern District of Texas's timeframe. Using the Northern District's

---

[2] The Court acknowledges that this is similar to the second *Lavespere* factor that the Court does not need to analyze when no response is filed, but the factor is adjusted to fit the facts of the case.

timeframe, the response deadline in this case was improperly calendared as November 2, 2017, as opposed to October 26, 2017. Plaintiffs appear to use the Rule 60 standard arguing that this demonstrated the lack of response was the result of mistake, inadvertence, and excusable neglect (Dkt. #23 at p. 2). While "mistake, inadvertence, and excusable neglect" is not required for Rule 59(e), the Court finds Plaintiffs' reason for default under 59(e) in this case to be inadequate. *Lavespere*, 910 F.2d at 174.

The Court entered its Order on the motion for summary judgment on December 22, 2017. This is fifty days, or one month and twenty days after the incorrect response date as marked in Plaintiffs' calendar, November 2, 2017. This "excuse" for default, may have been good cause to warrant an extension or to allow a late filing. However, in this case, November 2, 2017, came and went with no response filed by Plaintiffs with the Court.

However, Defendant's response to the motion for reconsideration reveals that Plaintiffs in fact discovered the mistake by November 2, 2017, at the very latest. On November 2, 2017, Plaintiffs' counsel sent an email to attorneys for Defendant to determine whether Defendant would be opposed to Plaintiffs' Motion for Leave to Extend Time to Respond to Defendant's Motion for Summary Judgment, attaching the proposed motion to the email (Dkt. #24, Exhibit 3 at p. 1). In the motion, Plaintiffs mention that they had mis-calendared the response deadline, seek additional time to conduct discovery, and request an extension of the response deadline (Dkt. #24, Exhibit 3 at p. 3). This motion for leave, whether opposed or unopposed, was never filed with the Court. Instead, Plaintiffs took no action until seventy-eight days later, after the Court entered the Order granting the unopposed motion for summary judgment, by filing the present motion to reconsider the Order.[3]

---

[3] Finally, Plaintiffs' counsel repeatedly "mis-calendars" deadlines and seeks to set the judgments aside based on the mis-calendaring. *See, e.g.*, *Emerton v. Kroger Co.*, No. 3:14–CV–3334–D, 2015 WL 731250, at *4 (N.D. Tex. Feb.

Plaintiffs lacked any sense of urgency in this case and failed to use due diligence to rectify the mistaken mis-calendared deadline. Based on this failure, the Court finds that granting the reconsideration, based on a response that was not filed at the appropriate time would strike an improper balance between the competing interests of needing finality in litigation and rendering a just decision based on the facts. Accordingly, this factor weighs against granting a reconsideration.

### B. Availability of Evidence

Plaintiffs offered no argument as to why the evidence it used in support of its motion for reconsideration was not available prior to the response deadline, or even the later mis-calendared deadline. However, in their proposed motion to extend time, which again was never filed with the Court, Plaintiffs stated that they "ha[d] not yet taken any depositions of Defendants employees" and that "Plaintiffs need[ed] additional time to conduct discovery to depose Defendant's witnesses who were involved in the investigation and reporting of this incident." (Dkt. #24 at pp. 2–3). Plaintiffs did not provide a reason why it had not been able to do so prior to the deadline to file their response. "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589,593 (5th Cir. 1991)).

At the outset of the analysis, the Court notes that, pursuant to the Court's Scheduling Order, entered on June 19, 2017, the deadline to complete discovery, December 1, 2017, comes after the dispositive motion deadline, October 13, 2017 (Dkt. #13). This is not an uncommon schedule for cases in this Court, and it is the parties' responsibility to obtain the discovery necessary prior to dispositive motion practice. The parties then have the ability to collect any remaining discovery

---

20, 2015); *Davila v. Walmart Stores*, (Dkt. #24; Exhibit 4) (N.D. Tex. Apr. 27, 2017). While generally the Court would not take into account an attorneys' conduct in previous lawsuits, the Court mentions it to caution against falling into a pattern of missing deadlines.

necessary for trial. The facts before the Court indicate that Plaintiffs did not exercise due diligence to obtain the discovery they needed to engage in the scheduled dispositive motion practice. The Court further notes that in support of the motion for reconsideration, Plaintiffs did not use any depositions from Defendant's witnesses, which was why they proposed the extension to Defendant. The Court finds that "the underlying facts were well within [Plaintiffs'] knowledge prior to the [Court's Order and] entry of judgment." *Id.* As such, this case demonstrates the unexcused failure to present evidence, which is, on its own, a valid basis to deny the reconsideration. *Templet*, 367 F.3d at 479 (citing *Russ*, 943 F.2d at 593).

## II.    Unfair Prejudice

Defendant contends that it would suffer unfair prejudice in this case if the Court were to grant the reconsideration because Plaintiffs are using newly created testimonial evidence of a prior undisclosed witness and using documents that were never produced in written discovery.

"A party who secures dismissal of a case will . . . 'suffer *some* form of prejudice anytime it obtains such relief and the opposing party is successful in having it set aside.'" *Drew v. Life Ins. Co. of N. Am.*, No. 3:08-CV-2226-D, 2009 WL 1856604, at *2 (N.D. Tex. June 29, 2009) (quoting *Artemis Seafood, Inc.*, 1999 WL 1032798, at *3 (emphasis in original)). Accordingly, if the Court sets aside the judgment granting a defendant's motion for summary judgment, the defendant will be required to defend a lawsuit that it otherwise would not have been obligated to defend. *Id.* This is not unfairly prejudicial to the defendant, except to the extent that it has been required to respond to the plaintiff's motion for reconsideration. *Id.* As such, a defendant needs to show more than a set aside judgment to show unfair prejudice.

In this case, Defendant has offered additional prejudice. There is prejudice in allowing Plaintiffs to use new, unproduced evidence and a new, undisclosed witness to support their motion

8

for reconsideration and their motion for summary judgment. As previously mentioned, discovery closed in this case on December 1, 2017 (Dkt. #13) and Plaintiffs failed to exercise due diligence in obtaining discovery during this period or requesting an extension of that deadline. Re-opening the case and subsequently re-opening discovery, gives Plaintiff a second bite at the apple in spite of their lack of due diligence at the cost of Defendant. The Court finds this to be unfair prejudice in this case.

Thus, all of the *Lavespere* factors in this case, and all other considerations relevant to the facts of this case, suggest that denying the motion for reconsideration would strike the proper balance between "the need to bring litigation to an end and the need to render just decisions on the basis of all the facts." *Lavespere*, 910 F.2d at 174.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs Ronald Asbell and Jennifer Asbell's Motion for Reconsideration (Dkt. #23) is hereby **DENIED**.

**SIGNED this 21st day of September, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE